**NOT PRECEDENTIAL**
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2245
_____

STEVEN PANNEBAKER,
Appellant

v.

KARIN TROTTA, Dentist at SCI-Mahanoy; ERIC SMITH, Dentist at SCI-Mahanoy;
JOHN STEINHART, Corrections Health Care Administrator
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-02168)
Magistrate Judge:  Honorable Daryl F. Bloom
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2024

Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed November 15, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Steven Pannebaker, a Pennsylvania state prisoner proceeding in forma pauperis, appeals from the District Court's judgment in favor of the defendants. **Ct. App. Dkt. Nos. 1, 18.** Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

In January 2020, Pannebaker submitted a sick call slip for a broken tooth. **Dist. Ct. Dkt. No. 77 at 71.** Dr. Trotta performed an x-ray, noted tooth decay and a plan to treat it, and documented that no follow-up was needed. **Dist. Ct. Dkt. No. 70 at 933-35.** For the next few months, Pannebaker tried to manage his pain with over-the-counter pain medications. **Dist. Ct. Dkt. No. 77 at 71.** Pannebaker submitted a sick call slip in April 2020 for another broken tooth. **Dist. Ct. Dkt. No. 77 at 72.** According to Pannebaker, Trotta examined him but "did nothing." **Id.** In Trotta's visit notes, she documented that Pannebaker was experiencing intermittent symptoms but was asymptomatic the day of the visit, and everything appeared intact. **Dist. Ct. Dkt. No. 70 at 936-37.** COVID-19 restrictions at that time prohibited Trotta from performing an x-ray or any procedure that required air filtration.[1] **Dist. Ct. Dkt. No. 77 at 143-45.**

---

[1] In response to COVID-19, the Pennsylvania Department of Health initially suspended all dental treatment except emergencies, **Dist. Ct. Dkt. No. 70 at 819-22,** and later allowed procedures that did not produce aerosols, such as simple extractions, **Dist Ct. Dkt. No. 70 at 713-17.** But only facilities with adequate air filtration systems could

In June 2020, Pannebaker requested emergency triage because he was in severe pain. **Dist. Ct. Dkt. No. 77 at 73.** Trotta performed an x-ray and noted it was unclear whether his pain was tooth or sinus related. **Dist. Ct. Dkt. No. 70 at 939.** Trotta prescribed medications, including ibuprofen, which Pannebaker claimed had no effect on his pain. **Id.; Dist. Ct. Dkt. No. 77 at 73**. Pannebaker was referred to the medical department for potential sinus issues; his sinus x-ray was unremarkable. **Dist. Ct. Dkt. No. 70 at 943-47.**

Dr. Smith examined Pannebaker in July 2020. **Dist. Ct. Dkt. No. 70 at 948-50.** Pannebaker presented with pain, facial swelling, gross decay, a dental abscess, and a non-restorable tooth. **Id. at 949.** Smith prescribed an antibiotic and ibuprofen, and he extracted the decayed tooth the following week. **Id. at 949-52.** Meanwhile, Pannebaker took expired antibiotics. **Dist. Ct. Dkt. No. 77 at 73.** Pannebaker informed Defendant Steinhart, the Corrections Health Care Administrator, about the expired medication and his infection. **Dist. Ct. Dkt. No. 70 at 1089.**

A week after the extraction, Pannebaker returned to the dental department with mouth pain. **Dist. Ct. Dkt. No. 77 at 74, No. 70 at 954.** Smith noted that Pannebaker would need another tooth extracted, prescribed medications, and advised Pannebaker that

---

resume all dental treatment that summer. **Dist. Ct. Dkt. No. 70 at 833.** Pannebaker's facility did not receive the upgraded air filtration system until 2021. **Id. at 859-60.**

he would re-evaluate him in two days. **Dist. Ct. Dkt. No. 70 at 954.** The visit notes show that two days later, Pannebaker was feeling better. **Id. at 957-58.**

Pannebaker experienced more tooth pain in August 2020, so Smith prescribed more medication and advised Pannebaker that he would be scheduled for a surgical extraction once the COVID-19 isolation room was complete. **Dist. Ct. Dkt. No. 70 at 959-962, No. 77 at 74-75.** At the end of the month, Smith informed Pannebaker that he needed oral surgery because of the tooth's root structure, so he would be treated at another facility with proper air filtration equipment. **Dist. Ct. Dkt. No. 70 at 963-64.** In September 2020, Smith was transferred to another facility that had the requisite air filtration system, and an oral surgeon extracted the tooth. **Dist. Ct. Dkt. No. 70 at 726-27, 973-74.** In December 2020, Pannebaker wrote to Steinhart that he was still in pain and having unspecified dental issues. **Id. at 1090.**

Pannebaker filed a civil-rights complaint against Trotta, Smith, and Steinhart alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. **Dist. Ct. Dkt. Nos. 18, 19.** Specifically, Pannebaker alleged that Trotta and Smith unnecessarily denied and delayed his treatment, that Smith prescribed expired antibiotics, and that Steinhart knowingly acquiesced in their behavior. **Dist. Ct. Dkt. No. 18 at 12-14.** The District Court[2] granted summary judgment in the

---

[2] A Magistrate Judge proceeding with the parties' consent. **Dist. Ct. Dkt. No. 44.**

4

defendants' favor. **Dist. Ct. Dkt. Nos. 81, 82.** Pannebaker appealed, and we have jurisdiction under 28 U.S.C. § 1291. **Dist. Ct. Dkt. No. 86.**

II.

We review the District Court's grant of summary judgment de novo. Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A material factual dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." Id.

"[P]rison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017). In this case, the parties agreed that Pannebaker's dental problem was a serious medical need. **Dist. Ct. Dkt. No. 71 at 8.** Thus, we consider only whether Pannebaker presented sufficient evidence for a reasonable juror to find that the defendants were deliberately indifferent. See id. Deliberate indifference may occur when a prison official intentionally refuses to provide medical treatment, delays necessary medical treatment for a non-medical reason, prevents a prisoner from receiving necessary treatment, or continues a treatment "in the face of resultant pain and risk of permanent

5

injury." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (quoting White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990)).

The District Court correctly concluded that there were no material factual disputes precluding summary judgment on Pannebaker's claims against Trotta and Smith. The record demonstrates that Trotta and Smith provided Pannebaker care whenever he requested it. Though he contends the care was not effective, his "mere disagreement as to the proper medical treatment" does not support an Eighth Amendment claim. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Regarding the claim that Smith provided expired antibiotics, Pannebaker failed to provide facts showing that Smith had the requisite culpable mental state when he treated him. See Rouse, 182 F.3d at 197 (Negligence or medical malpractice claims, without more, do not establish "deliberate indifference.").

Pannebaker also argues that Trotta and Smith unnecessarily delayed his tooth extractions. The record establishes that the prison's dental operations were severely limited due to COVID-19, and that any delay in the extractions resulted from the Department of Health's procedure prohibitions, not deliberate indifference. Pannebaker contends that his condition qualified as an emergency under relevant COVID-19 policies, so the restrictions should not have delayed his treatment. But Pannebaker's disagreement with Smith and Trotta as to the severity of his condition does not amount to an Eighth Amendment violation. See Monmouth, 834 F.2d at 346; see also Durmer v. O'Carroll,

6

991 F.2d 64, 67 (3d Cir. 1991) ("[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners.").

Finally, the District Court did not err by granting summary judgment in favor of Steinhart because Pannebaker failed to establish that Steinhart was personally involved in any constitutional deprivation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3d Cir. 1988); Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Accordingly, we will summarily affirm the District Court's judgment.[3]

---

[3] Because Pannebaker's claims fail on the merits, we do not address whether the defendants were entitled to qualified immunity.